UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cr-0060-SEB-TAB-1 |
| | ) | |
| ANTHONY STRONG, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON
PETITION FOR VIOLATION OF SUPERVISED RELEASE**

The Court held a hearing March 14, 2013, on a petition asserting Anthony Strong violated the terms of his supervised release. After being advised of his rights, Strong waived his preliminary hearing and, after being put under oath, admitted the allegations in the petition. As more fully set forth in the petition, Strong admitted that in January 2012, while on supervised release, he operated a motor vehicle while intoxicated with a blood alcohol level of .09, having had a prior conviction within five years. Strong pleaded guilty to that offense in January 2013, and the state court sentenced Strong to 730 days imprisonment with 720 days suspended and two years of probation.

As a result of this conviction, Strong also violated the terms of his supervised release, which prohibits him from committing a state crime while on release. The parties agreed this is a Grade B violation, that Strong has a Criminal History Category of I, and that the range of imprisonment is four to ten months. Because the minimum term of imprisonment is at least one month but not more than six months, sentencing options apply other than imprisonment.

The United States requested six months imprisonment. Strong requested that he be permitted to remain on his current conditions of supervised release. The probation officer recommended up to 120 days at the Volunteers of America. The Magistrate Judge recommends that Strong be sentenced to 120 days at the VOA.

This recommendation is based upon the factors set forth in 18 U.S.C. § 3553, as more fully set forth on the record during the hearing. To be sure, the nature and circumstances of the offense are serious, particularly that Strong has a prior offense for driving under the influence of alcohol and committed the instant offense after he had been on supervised release for only approximately four months.

On the other hand, Probation Officer Jason Phillips advised the Court at the hearing that Strong has done fairly well since his arrest in January 2012. He completed a drug and alcohol treatment program on October 9, 2012, and all urine and portable breath testing has been negative. While Strong's employment record during this time can fairly be characterized as "spotty," he submitted a pay stub during the hearing indicating that he is currently employed. In addition, Strong indicated that if he were sent to the VOA instead of to prison he would be allowed to maintain his employment.

The Magistrate Judge further notes that Strong admitted to his crime in the state court proceeding, and likewise admitted his violation of the terms of supervised release. The state court has handed down its sentence for the underlying offense, so Strong has already been punished for the poor judgment and resulting dangerous conduct associated with that offense. Under these circumstances, the Magistrate Judge does not believe that sending Strong back to prison for violating the terms of his supervised release will provide any meaningful further deterrence or is otherwise appropriate. The Sentencing Guidelines specifically recognize that

under these circumstances there are sentencing options other than imprisonment. Requiring Strong to report to and reside at the VOA each day for 120 days is a serious and significant penalty. At the same time, however, it strikes a balance that will permit Strong to be punished while allowing him to remain employed.

     For these reasons, as more fully set forth on the record during the March 14 hearing, the Magistrate Judge recommends that Strong be sentenced to 120 days in the VOA. The Magistrate Judge further recommends that Strong be required to report to the VOA within fourteen days of the District Judge's adoption of this recommendation, subject to the VOA's ability to accept Strong within this time period.

Dated: 3/18/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Barry D. Glickman
United States Attorney's Office
barry.glickman@usdoj.gov

Joseph M. Cleary
Indiana Federal Community Defenders, Inc.
Joe.Cleary@fd.org

U.S. Probation Office